1
2
3
4
5
6
7
8
9
**UNITED STATES DISTRICT COURT**

10
**EASTERN DISTRICT OF CALIFORNIA**

11
EVAN P. GALVAN,　　　　　　　　　　) Case No.: 1:18-cv-00688-LJO-SAB (PC)
　　　　　　　　　　　　　　　　　　)
12
　　　　　　　　Plaintiff,　　　　　　)
　　　　　　　　　　　　　　　　　　) FINDINGS AND RECOMMENDATIONS
13
　　v.　　　　　　　　　　　　　　　) RECOMMENDING DISMISSAL, WITHOUT
　　　　　　　　　　　　　　　　　　) PREJUDICE, FOR THE FAILURE TO EXHAUST
14
A. LUCAS, et.al.,　　　　　　　　　　) ADMINISTRATIVE REMEDIES
　　　　　　　　　　　　　　　　　　)
15
　　　　　　　　Defendants.　　　　　) [ECF No. 1]
　　　　　　　　　　　　　　　　　　)
16
　　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　　)
17
_____)

18

19　　　　　Plaintiff Evan P. Galvan is appearing pro se and in forma pauperis in this civil rights action

20　pursuant to 42 U.S.C. § 1983.

21　　　　　Currently before the Court is Plaintiff's complaint, filed on May 18, 2018.

22
**I.**

23
**SCREENING REQUIREMENT**

24　　　　　The Court is required to screen complaints brought by individuals who are proceeding in forma

25　pauperis.  See Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) (per curiam); 28 U.S.C. § 1915(e)(2).  The

26　Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

27　"frivolous or malicious," that "fails to state a claim on which relief may be granted," or that "seeks

28　monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. Iqbal, 556 U.S. at 676-677; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-1021 (9th Cir. 2010).

Prisoners proceeding pro se in civil rights actions are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, but the pleading standard is now higher, Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted), and to survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.**

**SUMMARY OF ALLEGATIONS**

Plaintiff names as defendants the following staff at Kern Valley State Prison, where he was formerly housed: (1) J. Bowlin, Facility B Law Librarian; (2) A. Lucas, Correctional Counselor II; (3) N. Karlow, Facility D Law Librarian; (4) T. Elissagire, Senior Law Librarian; (5) T. Lee, Correctional Captain; (6) M. Hicks, Program/Educational Post Correctional Officer; and (7) the unnamed Chief of the Office of Appeals of the California Department of Corrections and Rehabilitation ("CDCR"). He sues all parties in their individual and official capacities.

Plaintiff alleges a violation of his right to access to the courts. On January 20, 2016, he sought photocopying and mailing services for a motion to amend a federal habeas petition, and a motion to stay the federal habeas petition. Defendants Bowlin, Hicks, and Karlow denied his request for free copies of court transcripts as supporting exhibits to his motion to amend, based on Section 14010.21.3 of the

2

Department Operational Procedures. After Plaintiff stated that he would file a CDCR Form 602 to complain, Defendant Bowlin refused to provide any law library services.

Regarding the exhaustion of available administrative remedies, Plaintiff alleges that his appeal was cancelled at the first level due to his failure to meet time limitations. Plaintiff submitted an additional appeal arguing that he meets an exception to the time limit under Title 15 of the California Code of Regulations ("CCR"), Section 3084.6(c)(4), for an ongoing situation. Plaintiff's appeals and the responses received are attached as exhibits to his complaint.

## III.

### DISCUSSION

#### A. Exhaustion of Administrative Remedies

Pursuant to the PLRA, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532 (2002). Although the "failure to exhaust is an affirmative defense under the PLRA," a prisoner's complaint may be subject to dismissal for failure to state a claim when an affirmative defense appears on its face. Jones v. Bock, 549 U.S. at 202, 215; see also Albino v. Baca, 747 F.3d 1162, 1169 (9th Cir. 2014) (en banc) (noting that where a prisoner's failure to exhaust is clear from the fact of the complaint, his complaint is subject to dismissal for failure to state a claim, even at the screening stage); Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003) ("A prisoner's concession to nonexhaustion is a valid ground for dismissal[.]"), overruled on other grounds by Albino, 747 F.3d at 1166.

In California, a prison inmate satisfies the administrative exhaustion requirement by following the procedures set forth in Sections 3084.1 through 3084.8 of Title 15 of the CCR. An inmate "may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate

. . . can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the prisoner to proceed through all three levels of review. See Cal. Code Regs. tit. 15, § 3084.2(a). A decision at the third level of review, known as the director's level of review, is not appealable and constitutes the final level of administrative review. Id.

**B.    Analysis**

In this case, Plaintiff alleges that the denial of copying services and retaliatory denial of law library services occurred on January 20, 2016. Plaintiff alleges that later that same day, he submitted a CDCR 22 Inmate Request for Interview form to Defendant Karlow inquiring as to what authority supports the denial for photocopying services for court transcripts. (Compl., ECF No. 1, ¶ 39.) On January 25, 2016, Defendant Karlow responded by citing to Operational Procedure 14010.15 and CCR Title 15, Section 3162. Plaintiff later submitted Defendant Karlow's response for supervisor review.

Plaintiff further alleges that on March 16, 2016, he filed a CDCR 602 inmate appeal arguing that Defendants Bowlin and Karlow misinterpreted the Department Operational Manual and wrongfully denied photocopying services. (Compl. ¶ 49.) Plaintiff also attaches the CDCR Form 602, Appeal No. KVSP-0-16-946 to his complaint. (Id. at Ex. A, p. 23-26.) The appeal shows that it was rejected and cancelled on March 24, 2016. (Id.) The April 11, 2016 screening letter to Plaintiff states that Plaintiff's appeal exceeded the 30-day time limit. (Id. at p. 27.) [1]

Under the regulations, prisoners must submit their initial appeal within 30 calendar days of "[t]he occurrence of the event or decision being appealed, or . . . first having knowledge of the action or decision being appealed." Cal. Code Regs. tit. 15, § 3084.8(b). Prisoners must also submit their appeals to higher levels of review within 30 calendar days of receiving the first- or second-level appeal decision. See id. Only a third-level decision exhausts all available administrative remedies. Id. at § 3084.1(b). A cancellation or rejection does not. Id.

---

[1] Plaintiff attaches documents in which prison officials contend that his appeal was not submitted until March 23, 2016. Although the Court finds that this difference in dates does not affect its ruling on this matter, at the pleading stage, it will accept Plaintiff's allegation that he submitted the appeal on March 16, 2016 as true.

Plaintiff argues that under CCR Title 15, Section 3084.6(c)(4), he is exempt from the 30-day time limit. That section provides as follows:

> Time limits for submitting the appeal are exceeded even though the inmate or parolee had the opportunity to submit within the prescribed time constraints. In determining whether the time limit has been exceeded, the appeals coordinator shall consider whether the issue being appealed occurred on a specific date or is ongoing. If the issue is ongoing, which may include but is not limited to, continuing lockdowns, retention in segregated housing, or an ongoing program closure, the inmate or parolee may appeal any time during the duration of the event; however, the inmate or parolee is precluded from filing another appeal on the same issue unless a change in circumstances creates a new issue.

Plaintiff alleges that he attempted to acquire photocopying services of a related habeas corpus petition, which was denied, and therefore his appeal falls under the ongoing issue exception.

The exception for an ongoing issue under Section 3084(c)(4) applies to an ongoing deprivation of rights, such as a continuing lockdown, retention in segregated housing, or an ongoing program closure. In other words, the exception applies for an event of uninterrupted duration. Here, Plaintiff's claim arises out of a single event of the denial of free photocopying services for court transcripts on January 20, 2016. Plaintiff's Appeal No. KVSP-0-16-946, filed on March 16, 2014, was filed more than thirty days after that event, and was therefore untimely. Thus, it was properly rejected and cancelled.

Further, Plaintiff's appeal only discussed the denial of free photocopying services for court transcripts. Plaintiff's appeal makes no mention of any retaliatory denial of other law library services by Defendant Bowlin after Plaintiff stated that he would file a 602 appeal, as alleged in this action. An inmate grievance must "describe the problem and action requested" on the inmate-grievance form at the first level. Cal. Code Regs. tit. 15, § 3084.2(a). Since Plaintiff's untimely appeal does not discuss his retaliation allegations against Defendant Bowlin, that appeal could not have exhausted that claim, even it had been timely filed and pursued through the final level of appeal.

The PLRA requires "proper exhaustion" of all available administrative remedies. Woodford, 548 U.S. at 93. "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." Id. at 90-91. Whether an inmate's grievance satisfies the PLRA's exhaustion requirement is determined by the prison's own grievance process. Griffin v. Arpaio,

557 F.3d 1117, 1120 (9th Cir. 2009). The filing of an untimely grievance or appeal is not proper exhaustion. See Woodford, 548 U.S. at 83-84.

Based on the foregoing, Plaintiff's failure to exhaust his available administrative remedies prior to filing suit is clear from the face of the complaint. Therefore, this action must be dismissed, without prejudice. Jones, 549 U.S. at 211; McKinney, 311 F.3d at 1199-1201; see also City of Oakland, Cal. v. Hotels.com LP, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."); Albino, 747 F.3d at 1170 ("Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim"); Rhodes v. Robinson, 621 F.3d 1002, 1004 (9th Cir. 2010) (the "exhaustion requirement does not allow a prisoner to file a complaint addressing non-exhausted claims.") (citing McKinney, 311 F.3d at 1199).

Although the Court would typically grant Plaintiff leave to amend due to his pro se status, amendment is futile in this instance because the failure to exhaust cannot be cured by the allegation of additional facts. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000); see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing "[f]utility of amendment" as a proper basis for dismissal without leave to amend).

### IV.

### CONCLUSION

For the reasons explained, it is HEREBY RECOMMENDED that this action be dismissed, without prejudice, for failure to exhaust the administrative remedies.

This Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with this Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."

///

///

///

6

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing <u>Baxter v. Sullivan</u>, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **October 3, 2018**

UNITED STATES MAGISTRATE JUDGE