# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN P. GALVAN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. LUCAS, et.al.,<br><br>　　　　Defendants. | Case No.: 1:18-cv-00688-LJO-SAB (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS IN PART, DISMISSING CLAIM, AND GRANTING LEAVE TO FILE A FIRST AMENDED COMPLAINT WITHIN **THIRTY DAYS**<br><br>(Doc. No. 11) |

## I.    Introduction

Plaintiff Evan P. Galvan is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On October 3, 2018, the assigned magistrate judge issued findings and recommendations recommending dismissal of this action, without prejudice, for the failure to exhaust administrative remedies prior to filing suit. (Doc. No. 11.) Those findings and recommendations were served on Plaintiff and contained notice that any objections thereto were to be filed within thirty days. (*Id*. at 6-7.)

Plaintiff filed two motions for extensions of time to file objections to the findings and recommendations, on October 22, 2018 (Doc. No. 12), and on November 16, 2018 (Doc. No. 14). Both of those motions were granted, on October 24, 2018 (Doc. No. 13), and November 19, 2018 (Doc. No.

15), respectively. Plaintiff then filed timely objections to the findings and recommendations on December 3, 2018, on extension. (Doc. No. 16.)

## II. Discussion

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, the Court concludes that the findings and recommendations are supported by the record and by proper analysis. However, based on Plaintiff's objections, the Court finds it appropriate to allow further leave to amend rather than dismiss the action.

### A. Exhaustion of Administrative Remedies

Plaintiff's complaint alleges the denial of copying services and law library services on January 20, 2016. From allegations of the complaint and its attachments, it is evident that Plaintiff's March 16, 2016 inmate appeal concerning this matter was rejected and cancelled on March 24, 2016 as untimely, showing that Plaintiff did not exhaust administrative remedies. *See* Cal. Code Regs. tit. 15, § 3084.8(b) (prisoner must submit initial appeal within 30 calendar days of event or decision being appealed, or of first having knowledge of action or decision being appealed).

Plaintiff does not dispute these facts, but objects that administrative remedies were unavailable in this case because his inmate appeal was improperly screened. First, he asserts that his appeal should not have been found untimely because it was an ongoing injury.

The text of Plaintiff's appeal, which is attached to his complaint, describes the issue as a specific denial of copies on January 20, 2016—a one-time event. (Compl., Ex. A, 602 Appeal No. KVSP 0-16-00946, at 23-26.) Only after the appeal was cancelled as untimely does Plaintiff make arguments in response that it was not untimely because he believed that filing a CDCR Form 22 prior to initiating an appeal extended the time for an appeal, and because he still had not received the documents he sought to be copied at the law library. (*Id*. at 24.)

That the copies were not later provided to Plaintiff does not make a one-time denial of library services into a durational, ongoing event. *See Maldonado v. Cano*, No. 16-CV-04406-SI, 2017 WL 3727472, at *5 (N.D. Cal. Aug. 30, 2017) (thirty-day time limit applied to appeal that discussed particular force incident on specific date, despite the plaintiff's argument that there was continuing ongoing staff misconduct); *see also Henderson v. Muniz*, 196 F. Supp. 3d 1092, 1104 (N.D. Cal. 2016) (comparing claim for ongoing denial of daily prayers and qualified chaplains to denial of religious meals

for event that had occurred and was completed). Therefore, the Court does not find that any exception to the deadline for filing an administrative inmate appeal applies here for an ongoing event.

Second, Plaintiff asserts that the time constraint did not apply to his appeal because it should have been processed as a staff complaint, rather than as a routine appeal. CDCR has exceptions to the regular appeals process for certain types of appeals, including staff complaints, disciplinary appeals, and emergency appeals. *See* Cal. Code Regs. tit. 15, § 3084.9. However, except for allegations of sexual violence or staff sexual misconduct, an inmate must submit his first level appeal within thirty calendar days of: "(1) [t]he occurrence of the event or decision being appealed, or; (2) [u]pon first having knowledge of the action or decision being appealed, or; (3) [u]pon receiving an unsatisfactory departmental response to an appeal filed." *Id*. at §§ 3084.8(b)(1)-(3). Thus, even if Plaintiff's complaint were a staff complaint, it had to have been filed within the thirty-day limit, because it did not concern a complaint of sexual violence of staff sexual misconduct.

It is thus clear from the face of the complaint that Plaintiff failed to exhaust available administrative remedies prior to filing suit. Therefore, his claim that he was denied copying and law library services on January 20, 2016 must be dismissed, without prejudice. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (prisoners may not pursue non-exhausted claims); *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice.").

### B. Leave to Amend

Plaintiff also asserts in his objections that he can state a claim for the later denial of copying and law library services in March 2016 or later, and for interference with access to the courts based on interference with a habeas corpus claim. Plaintiff asserts that these allegations are related to the allegations in his original complaint, and that he can state sufficient facts to proceed on cognizable, fully-exhausted claims. The assigned magistrate judge did not make any findings or recommendations on that matter.

///

The Court finds that, based on Plaintiff's good faith assertions, leave to amend should be granted. Plaintiff may file an amended complaint within thirty days related to the denial of copying and law library services in March 2016 or later, and his claim for interference with access to the courts. The amended complaint is subject to screening. 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915(e)(2)(B). Plaintiff must indicate that his pleading is a first amended complaint, and will be limited to 25 pages in length.

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations issued on October 3, 2018, (Doc. No. 11), are adopted in part;
2. Plaintiff's claim for the denial of copying and law library services on January 20, 2016 is dismissed, without prejudice, for the failure to exhaust administrative remedies prior to filing suit;
3. The Clerk of the Court is directed to send to Plaintiff a civil rights complaint form;
4. Within **thirty days** from service of this order, Plaintiff shall file an amended complaint regarding his allegations of copying and law library services in March 2016 or later, and for interference with access to the courts based on interference with a habeas corpus claim;
5. Plaintiff's amended complaint is limited to 25 pages; and
6. <u>The failure to file an amended complaint in compliance with this order will result in dismissal of his action, with prejudice</u>.

IT IS SO ORDERED.

Dated: __December 6, 2018__      _____/s/ Lawrence J. O'Neill_____
                                                      UNITED STATES CHIEF DISTRICT JUDGE