# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN P. GALVAN,<br><br>    Plaintiff,<br><br>v.<br><br>A. LUCAS, et.al.,<br><br>    Defendants. | Case No.: 1:18-cv-00688-LJO-SAB (PC)<br><br>ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST AVAILABLE ADMINISTRATIVE REMEDIES<br><br>(Doc. Nos. 17, 20) |

Plaintiff Evan P. Galvan is appearing *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On October 3, 2018, the assigned magistrate judge issued findings and recommendations recommending dismissal of this action, without prejudice, for the failure to exhaust administrative remedies prior to filing suit. (Doc. No. 11.) Plaintiff filed objections on December 3, 2018, on extension. (Doc. No. 16.)

On December 6, 2018, the Court conducted a *de novo* review, and found that the findings and recommendations were supported by the record and proper analysis. That is, the Court found that it was clear from the face of the complaint that Plaintiff pursued a claim for the denial of copying and law library services on January 20, 2016, but that available administrative remedies had not been exhausted for that claim prior to filing suit. Therefore, that claim was required to be dismissed, without prejudice. *See Jones v. Bock*, 549 U.S. 199, 211 (2007); *McKinney v. Carey*, 311 F.3d 1198, 1199-1201 (9th Cir. 2002); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (prisoners may

1

not pursue non-exhausted claims); *City of Oakland, Cal. v. Hotels.com LP*, 572 F.3d 958, 962 (9th Cir. 2009) ("[F]ailure to exhaust the administrative remedies is properly treated as a curable defect and should generally result in a dismissal without prejudice."). (Doc. No. 17.)

The Court declined to dismiss this action, however, finding that Plaintiff asserted in good faith that he could bring a related claim involving the denial of law library and copying services in March 2016 or later, and for interference with access to the courts. Therefore, Plaintiff was granted leave to file an amended complaint to attempt to state a cognizable claim, within thirty days.

Currently before the Court is Plaintiff's notice of intent not to file an amended complaint, filed on December 17, 2018. In his notice, Plaintiff states that he declines to file any amended complaint, and instead stands on his original complaint. Plaintiff further explains that he intends to appeal any final order dismissing his action. (Doc. No. 20.)

Therefore, Plaintiff now affirmatively proceeds only on his complaint alleging the denial of copying and law library services on January 20, 2016. For the reasons explained in the Court's December 6, 2018 order, this action must be dismissed, without prejudice, for Plaintiff's failure to exhaust available administrative remedies.

Accordingly, it is HEREBY ORDERED that:

1. This action is dismissed, without prejudice, for Plaintiff's failure to exhaust available administrative remedies; and

2. The Clerk of the Court is directed to terminate any pending motions and deadlines, and close this action.

IT IS SO ORDERED.

Dated: __**December 18, 2018**__     _____/s/ Lawrence J. O'Neill_____
                                                  UNITED STATES CHIEF DISTRICT JUDGE