# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVAN P. GALVAN, | Case No. 1:18-cv-00688-NONE-SAB (PC) |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT |
| v. | |
| A. LUCAS, *et al.*, | (ECF No. 33) |
| Defendants. | FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL FOR FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES AND FAILURE TO STATE A CLAIM |
| | (ECF No. 34) |
| | **THIRTY (30) DAY DEADLINE** |

Plaintiff Evan P. Galvan is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

## I.

## BACKGROUND

On May 18, 2018, Plaintiff initiated this action by filing his complaint. (ECF No. 1.)

On October 4, 2018, the assigned Magistrate Judge issued findings and recommendations recommending that this action be dismissed, without prejudice, due to Plaintiff's failure to exhaust his administrative remedies prior to filing suit. (ECF No. 11.) After obtaining two

1

extensions of time, Plaintiff filed written objections to the findings and recommendations on December 3, 2018. (ECF No. 16.)

On December 6, 2018, the District Judge adopted the findings and recommendations in part. (ECF No. 17.) Initially, the District Judge found that it was clear from the face of Plaintiff's complaint that Plaintiff failed to exhaust his available administrative remedies applicable to his claim that he was denied copying and law library services on January 20, 2016 prior to filing suit. (Id. at 2-3.) Therefore, the District Judge dismissed, without prejudice, Plaintiff's claim for the denial of copying and law library services on January 20, 2016 for failure to exhaust. (Id. at 4.) However, the District Judge granted Plaintiff's leave to file a first amended complaint regarding his claim that he was improperly denied copying and law library services in March 2016 or later and that his constitutional right to access the courts was denied by prison officials' interference with Plaintiff's state habeas corpus claim. (Id. at 3-4.)

On December 17, 2018, Plaintiff filed a written notice stating that he would not be filing a first amended complaint. Instead, Plaintiff stated that he would be filing an appeal. (ECF No. 20.)

On December 18, 2018, based on Plaintiff's December 17, 2018 notice, the District Court dismissed this action, without prejudice, for failure to exhaust available administrative remedies. (ECF No. 21.)

On January 7, 2019, Plaintiff filed a notice of appeal. (ECF No. 23.)

On October 22, 2019, the Ninth Circuit affirmed the judgment in part, vacated the judgment in part, and remanded. (ECF No. 30.) Initially, the Ninth Circuit held that the Court properly dismissed Plaintiff's access-to-courts claim arising from the January 20, 2016 denial of photocopying and law library services because Plaintiff failed to exhaust administrative remedies and failed to allege facts sufficient to show that administrative remedies were effectively unavailable. (Id. at 2.) However, the Ninth Circuit noted that, while Plaintiff's complaint included allegations that, in March 2016, Plaintiff's request for photocopying related to his state habeas petition was improperly denied and that the denial of his May 2016 grievance violated his constitutional rights, this Court had failed to consider whether these allegations state cognizable

claims. (Id. at 2-3.) Therefore, the Ninth Circuit remanded for this Court to consider the sufficiency of these allegations in the first instance. (Id. at 3.)

The Ninth Circuit issued its mandate on November 13, 2019. (ECF No. 31.)

However, before the Court had screened the remainder of Plaintiff's complaint as directed by the Ninth Circuit, Plaintiff filed a motion for leave to file an amended complaint on January 9, 2020. (ECF No. 33.) Along with his motion, Plaintiff submitted a proposed first amended complaint. (ECF No. 34.)

Accordingly, currently before the Court are Plaintiff's motion for leave to file a first amended complaint and Plaintiff's first amended complaint, filed on January 9, 2020. (ECF Nos. 33, 34.)

**II.**

**DISCUSSION**

**A.     Plaintiff's Motion for Leave to File a First Amended Complaint**

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course within twenty-one days after serving the pleading, or within twenty-one days after service of a responsive pleading or service of a motion under Rule 12(b), (e), or (f). Fed. R. Civ. P. 15(a)(1). Otherwise, a party may amend only by leave of the court or by written consent of the adverse party. Fed. R. Civ. P. 15(a)(2). In this case, since it has been more than twenty-one days since Plaintiff's complaint was filed and no responsive pleading or motion under Rule 12 has been served, Plaintiff requires leave of court to file a first amended complaint.

"Rule 15(a) is very liberal and leave to amend 'shall be freely given when justice so requires.'" AmerisourceBergen Corp. v. Dialysis West, Inc., 465 F.3d 946, 951 (9th Cir. 2006) (quoting Fed. R. Civ. P. 15(a)). "This policy is to be applied with extreme liberality." C.F. v. Capistrano Unified Sch. Dist., 654 F.3d 975, 985 (9th Cir. 2011). "This liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 186 (9th Cir. 1987). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in

bad faith; (3) produces an undue delay in the litigation; or (4) is futile." AmerisourceBergen Corp., 465 F.3d at 951.

In his motion, Plaintiff requests leave to file a first amended complaint that deletes parties and allegations that are now unnecessary in this action because the Ninth Circuit Court of Appeals' decision determined that Plaintiff's access to the courts claim arising from the January 20, 2016 denial of photocopying and law library services was properly dismissed. (ECF No. 33.) Additionally, Plaintiff states that his first amended complaint will clarify his allegations against Defendants Lee and Lucas. (Id.)

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility. Further, since no defendants have been served or have appeared in this action, granting Plaintiff leave to file a first amended complaint will not prejudice any defendant.

Therefore, Plaintiff's motion for leave to file an amended complaint is granted.

**B.     Screening Plaintiff's First Amended Complaint**

1.     Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

4

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

2. Summary of Allegations

The Court accepts Plaintiff's allegations in the first amended complaint as true *only* for the purpose of the *sua sponte* screening requirement under 28 U.S.C. § 1915.

Plaintiff asserts that the events at issue in the complaint took place at Kern Valley State Prison. Plaintiff names Correctional Counselor II A. Lucas, Correctional Captain T. Lee, Law Librarian N. Karlow, and Senior Law Librarian T. Elissagire as Defendants.

On January 10, 2014, after he was found guilty of violating California Penal Code § 211 and California Health and Safety Code § 11377(a), Plaintiff was sentenced to a total term of 11 years in state prison. Plaintiff filed a direct appeal in April 2014. While his direct appeal was pending, Plaintiff filed state habeas corpus petitions raising prosecutorial misconduct issues in the Riverside County Superior Court, the California Court of Appeal, and the California Supreme Court. His state habeas corpus petitions were all denied. On January 14, 2015, Plaintiff's direct appeal of the judgment rendered against him was denied. On April 1, 2015, Plaintiff's petition for review was denied by the California Supreme Court.

On August 31, 2015, Plaintiff filed a federal habeas corpus petition raising the four claims that he had raised in the state courts. On November 25, 2015, the habeas corpus respondent filed a response to the petition arguing, in relevant part, that Plaintiff's prosecutorial misconduct claim was procedurally barred because Plaintiff had not raised the claim at trial or in Plaintiff's direct appeal. On December 24, 2015, Plaintiff was granted an extension of time to file a traverse.

Pursuant to the December 24, 2015 order, Plaintiff's traverse was due no later than January 25, 2016.

In late December 2015 or January 2016, Plaintiff submitted a request for priority legal access to the law library based on the January 25, 2016 traverse due date. Shortly thereafter, Defendant Karlow granted Plaintiff priority legal user status.

Plaintiff prepared both a motion for amendment of his federal habeas corpus petition and a motion to stay the federal habeas corpus petition. On January 20, 2016, Plaintiff went to the law library as a priority legal user in an attempt to acquire photocopy and mailing services for both motions. Plaintiff was indigent and his motion to amend the petition contained court transcripts as supporting documents. At that time, Law Librarian Bowlin advised Plaintiff that copying services of court transcripts may not be provided to indigent inmates for free. After Plaintiff stated that the previous librarian had copied court transcripts that were in support of legal petitions, Bowlin then contacted Facility D law library and asked about the policy of copying court transcripts for indigent inmates. Bowlin then informed Plaintiff that Defendant Law Librarian N. Karlow advised Bowlin that, pursuant to CDCR Department Operations Manual 14010.21.3, copying services of court transcripts may not be provided free of charge to indigent inmates without a court order.

Plaintiff continued to inform Bowlin that both the California Code of Regulations and the Department Operations Manual permit the law library to make copies of court transcripts attached to legal documents, such as motions or petitions, for indigent inmates free of charge. Plaintiff then requested that Bowlin summon his supervisor and the Sergeant. When the supervising employee of the day and Correctional Officer Hicks arrived, Plaintiff explained the issue. Hicks only told Plaintiff to file a CDCR 602 inmate appeal if Plaintiff thought Bowlin was wrong, and then both the supervisor and Hicks left the library. Plaintiff then advised Bowlin that Plaintiff would be filing a 602 appeal on the issue.

Also, on January 20, 2016, Plaintiff submitted a CDCR 22 Inmate Request for Interview form to Defendant Karlow regarding the legal authority to deny free of charge photocopying services of court transcripts for indigent inmates.

6

1    On January 23, 2016, since Plaintiff could not obtain copying services for his motions,
2    Plaintiff filed his traverse and opted to withdraw his barred prosecutorial misconduct claim in
3    order to avoid having his federal habeas corpus petition dismissed.
4    On January 25, 2016, Defendant Karlow responded to Plaintiff's CDCR 22 form by citing
5    to California Code of Regulations, title 15, § 3162 and Department Operational Manual 14010.15.
6    In early March 2016, Plaintiff drafted a state habeas corpus petition raising his barred and
7    withdrawn prosecutorial misconduct claim as an ineffective assistance of trial counsel claim.
8    Shortly thereafter, Plaintiff asked the Administrative Segregation Unit Law Officer, whose name
9    is unknown, if Plaintiff could obtain copying services for his state habeas corpus petition. The
10   Administrative Segregation Unit Law Officer told Plaintiff that, pursuant to Defendant Karlow,
11   Plaintiff's state habeas corpus petition would not be photocopied because it contained court
12   transcripts as attached exhibits.
13   On March 10, 2016, Plaintiff then submitted Defendant Karlow's January 25, 2016 CDCR
14   22 form response for supervisor review.
15   On March 14, 2016, Defendant Supervisor T. Elissagire responded to Plaintiff's CDCR 22
16   form by stating that, pursuant to Department Operations Manual 14010.21.3, transcripts are
17   considered non-legal documents for purposes of providing copy services to inmates.
18   On March 16, 2016, Plaintiff filed a CDCR 602 inmate appeal arguing that Bowlin and
19   Defendant Karlow are misinterpreting applicable regulations in order to improperly deny Plaintiff
20   photocopy services for legal petitions and motions.
21   On April 11, 2016, Plaintiff's inmate appeal, log number KVSP-O-16-00946, was
22   cancelled on the ground that the appeal was not submitted within the 30-day time limit.
23   On May 11, 2016, Plaintiff filed a new CDCR 602 inmate appeal contending that his
24   previous 602 inmate appeal had been improperly cancelled as untimely because the issues with
25   receiving copying services for court transcripts were ongoing.
26   On June 30, 2016, Defendant Correctional Counselor II A. Lucas interviewed Plaintiff
27   regarding Plaintiff's cancellation appeal. Plaintiff advised Defendant Lucas that, in addition to
28   being denied copying services on January 20, 2016, Plaintiff was also denied photocopying

services of a related habeas corpus petition and that, therefore, the copying issue was ongoing. On the same day, June 30, 2016, Defendant Lucas denied Plaintiff's cancellation appeal at the Second Level of review without considering, or reaching the merits of, Plaintiff's argument that he was entitled to an exception to the 30-day time limit due to the fact that the issue in the appeal was an ongoing one.

On July 11, 2016, Plaintiff submitted his 602 cancellation appeal to the Third Level of review. Plaintiff argued that he was entitled to an exception to the 30-day time limit because his copying services issue was ongoing.

On September 20, 2016, the Third Level reviewer, Defendant Captain T. Lee, improperly denied Plaintiff's 602 cancellation appeal without taking into consideration, or reaching the merits, of Plaintiff's claim that his copying services claim was ongoing.

On October 11, 2016, Plaintiff's federal petition for writ of habeas corpus was denied.

Plaintiff seeks a declaratory judgment, injunctive relief, compensatory damages, punitive damages, and other relief as proper.

3. Discussion

   a. **Exhaustion of Administrative Remedies – Denial of Access to the Courts**

In his first amended complaint, Plaintiff alleges that his right to access the courts was violated when his March 2016 request to have his state habeas corpus petition copied for filing and service purposes was denied by an unknown Administrative Segregation Unit Law Officer after Defendant Karlow told the officer that Plaintiff's petition could not be photocopied free of charge because court transcripts were attached as exhibits to the petition.[1] Further, Plaintiff alleges that his right to access the courts was violated when Defendant Elissagire stated that transcripts are considered non-legal documents for the purpose of providing copy services to inmates. Plaintiff states that Defendant Karlow's statement to the unnamed Law Officer and Defendant Elissagire's statement in response to Plaintiff's CDCR 22 form both violated

---

[1] The Court notes that Plaintiff's first amended complaint continues to allege facts that appear to raise a claim that Plaintiff was denied access to the courts arising from the January 20, 2016 denial of photocopying and law library services. However, since the Ninth Circuit Court of Appeals affirmed this Court's dismissal of Plaintiff's denial of access to the courts claim arising out of the January 20, 2016 denial of photocopying and law library services, the Court will not screen any allegations relating to the January 20, 2016 denial of copying and library services.

Plaintiff's right to access the courts because the statements meant that Plaintiff was required to pay for copies of the court transcripts attached to his state habeas corpus petition, even though Plaintiff was indigent.

    i.    <u>Legal Standard</u>

Section 1997e(a) of the Prison Litigation Reform Act of 1995 ("PLRA") provides that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001), and the exhaustion requirement applies to all prisoner suits relating to prison life, <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).

Section 1997e(a) also requires "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" <u>Woodford v. Ngo</u>, 548 U.S. 81, 90 (2006) (citation omitted). "Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effective without imposing some orderly structure on the course of its proceedings." <u>Id.</u> at 90-91. "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." <u>Jones v. Bock</u>, 549 U.S. 199, 218 (2007).

A prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR") satisfies the administrative exhaustion requirement for an inmate grievance by following the procedures set forth in California Code of Regulations, title 15, §§ 3084-3084.9.

California Code of Regulations, title 15, § 3084.1(a) provides that "[a]ny inmate … under [CDCR's] jurisdiction may appeal any policy, decision, action, condition, or omission by the department or its staff that the inmate … can demonstrate as having a material adverse effect upon his or her health, safety, or welfare." An inmate is required to use a CDCR Form 602 to "describe the specific issue under appeal and the relief requested." Cal. Code Regs. tit. 15, § 3084.2(a). An inmate is limited to one issue, or related set of issues, per each CDCR Form 602

and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). Further, the inmate "shall list all staff member(s) involved and … describe their involvement in the issue." Cal. Code Regs. tit. 15, § 3084.2(a)(3). If known, the inmate must include the staff member's last name, first initial, title or position, and the dates of the staff member's involvement in the issue being appealed. Id. If the inmate does not know the staff member's identifying information, the inmate is required to "provide any other available information that would assist the appeals coordinator in making a reasonable attempt to identify the staff member(s) in question." Id.

Unless the inmate grievance falls within one of the exceptions stated in California Code of Regulations, title 15, §§ 3084.7(b)(1)-(2) and 3084.9, all inmate grievances are subject to a three-level administrative review process. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(a)-(d). Unless the inmate grievance deals with allegations of sexual violence or staff sexual misconduct, an inmate must submit the CDCR Form 602 and all supporting documentation to each the three levels of review within 30 calendar days of the occurrence of the event or decision being appealed, of the inmate first discovering the action or decision being appealed, or of the inmate receiving an unsatisfactory departmental response to a submitted administrative appeal. Cal. Code Regs. tit. 15, §§ 3084.2(b)-(e), 3084.3, 3084.6(a)(2), 3084.8(b). When an inmate submits an administrative appeal at any of the three levels of review, the reviewer is required to reject the appeal, cancel the appeal, or issue a decision on the merits of the appeal within the applicable time limits. Cal. Code Regs. tit. 15, §§ 3084.6(a)-(c), 3084.8(c)-(e).

Since a "cancellation or rejection decision does not exhaust administrative remedies[,]" California's regulations provide that an inmate's administrative remedies are deemed exhausted when the inmate receives a decision on the merits of their appeal at the third level of review. Cal. Code Regs. tit. 15, §§ 3084.1(b), 3084.7(d)(3). Further, California's regulations state that "[a]dministrative remedies shall not be considered exhausted relative to any new issue, information, or person later named by the [inmate] that was not included in the originally submitted CDCR Form 602 … and addressed through all required levels of administrative review

up to and including the third level." Cal. Code Regs. tit. 15, § 3084.1(b).

        ii.        <u>Analysis</u>

In his first amended complaint, Plaintiff alleges that, in early March 2016, his request to photocopy his state habeas corpus petition was denied by an unknown Administrative Segregation Unit Law Officer after Defendant Karlow told the officer that Plaintiff's petition could not be photocopied free of charge because court transcripts were attached as exhibits to the petition. Plaintiff further asserts that, on March 14, 2016, Defendant Elissagire improperly stated in a response to Plaintiff's CDCR 22 form that transcripts are considered non-legal documents for the purpose of providing copy services to inmates. Finally, Plaintiff pleads that, on March 16, 2016, he filed a CDCR 602 inmate appeal arguing that J. Bowlin and Defendant Karlow are misinterpreting the applicable Department Operations Manual sections and have wrongfully denied Plaintiff appropriate photocopying services.

As indicated above, the level of detail in an inmate appeal or grievance necessary to properly exhaust a claim is determined by the prison's applicable grievance procedures. <u>Jones</u>, 549 U.S. at 218; <u>see</u> <u>Marella v. Terhune</u>, 568 F.3d 1024, 1027 (9th Cir. 2009) ("The California prison system's requirements 'define the boundaries of proper exhaustion.'"). Under the California Code of Regulations, Plaintiff was limited to one issue, or related set of issues, per each CDCR Form 602 appeal and the inmate "shall state all facts known and available to [them] regarding the issue being appealed at the time of submitting" the CDCR Form 602. Cal. Code Regs. tit. 15, § 3084.2(a)(1) & (a)(4). An appeal generally "suffices to exhaust a claim if it puts the prison on adequate notice of the problem for which the prisoner seeks redress." <u>Sapp v. Kimbrell</u>, 623 F.3d 813, 824 (9th Cir. 2010).

First, Plaintiff has attached the CDCR Form 602 appeal, log no. KVSP-O-16-00946, that he submitted on March 16, 2016 to his first amended complaint. (ECF No. 34, at 24-26.) In his appeal, Plaintiff stated that, on January 20, 2016, he attempted to receive copies of court transcripts which were supporting exhibits attached to a traverse to a pending federal habeas corpus petition. (<u>Id.</u> at 24, 26.) However, Plaintiff's request for copies "was denied by facility-B staff Bolin who indicated persuant (*sic*) to Supervisor Karlow, court transcripts are not considered

legal documents persuant (*sic*) to D.O.M. Sec. 14010.15 and 14010.21.3." (Id. at 26.) Plaintiff stated that the "K.V.S.P. Law Library free staff are misconstruing the D.O.M. sections[]" and not permitting him to photocopy court transcripts attached to a legal petition or document for free of charge. (Id.) Further, Plaintiff attached the CDCR 22 form that he sent to Defendant Karlow on January 20, 2016 and to Defendant Elissagire on March 10, 2016 to his CDCR Form 602 appeal. (Id. at 27, 29.)

However, in this case, Plaintiff's allegations in CDCR 602 appeal, log no. KVSP-O-16-00946, are insufficient to exhaust Plaintiff's claim that Defendants Karlow and Elissagire violated Plaintiff's right to access the courts by interfering with Plaintiff's ability to obtain copies of court transcripts attached to Plaintiff's state petition for writ of habeas corpus for no charge in March 2016. While Plaintiff's appeal, log no. KVSP-O-16-00946, generally asserts that KVSP law library staff are misconstruing the applicable Department Operations Manual sections, Plaintiff's CDCR 602 appeal only states that he was improperly denied copies of court transcripts attached to a traverse in connection with a federal court system by "Bolin" and Defendant Karlow on January 20, 2016. The text of Plaintiff's appeal does not identify Defendant Elissagire. Further, Plaintiff's CDCR 602 appeal does not mention that Plaintiff was also denied the ability to obtain copies of court transcripts attached to a state petition for writ of habeas corpus free of charge in March 2016 by Defendant Karlow and an unknown Administrative Segregation Unit law officer.

Additionally, while Plaintiff attached a copy of the CDCR 22 form that he submitted to Defendants Karlow and Elissagire to his CDCR Form 602 appeal, the CDCR 22 form also only referred to the denial of Plaintiff's request for free copies of court transcripts on January 20, 2016. The CDCR 22 form does not allege that Plaintiff's request for free copies of court transcripts in March 2016 was denied as well. Therefore, Plaintiff's CDCR 602 appeal, log no. KVSP-O-16-00946, did not provide the prison with notice of Plaintiff's claim regarding the March 2016 denial of copying services. Consequently, Plaintiff's appeal, log no. KVSP-O-16-00946, did not exhaust the claim against Defendants Karlow and Elissagire regarding the March 2016 denial of copying services.

Second, Plaintiff has attached the CDCR 602 appeal, log no. KVSP-O-16-01742, that he

submitted on May 17, 2016 to his first amended complaint. (Id. at 31-34.) In his CDCR 602 appeal, log no. KVSP-O-16-01742, Plaintiff asserts that the cancellation of his prior appeal, log no. KVSP-O-16-00946, should be reversed and he should be allowed to proceed with his prior appeal because his copying issue is ongoing since he has not been provided the copies of court transcripts free of charge. However, Plaintiff's CDCR 602 appeal, log no. KVSP-O-16-01742, does not identify Defendants Karlow and Elissagire and does not assert that he was denied copying services for court transcripts attached to a state petition for writ of habeas corpus in March 2016. Instead, the only date that appears in Plaintiff's CDCR 602 appeal, log no. KVSP-O-16-01742, is January 20, 2016.

Further, Plaintiff alleges in the first amended complaint that, on June 30, 2016, during the Second Level interview for Plaintiff's CDCR 602 appeal, log no. KVSP-O-16-01742, he told the interviewer, Defendant Lucas, that, in addition to being denied copying services on January 20, 2016, his request for copying services for a related habeas corpus was also denied and, therefore, the issue related to copying services was ongoing. (ECF No. 34, at 12.) However, Plaintiff's allegations fail to establish that Plaintiff told Defendant Lucas that Plaintiff was denied photocopies of court transcripts attached to a state petition for writ of habeas corpus in March 2016 and attributed the March 2016 denial to Defendants Karlow and Elissagire. Also, even if Plaintiff provided the prison with sufficient notice of his claim that he was improperly denied photocopies of court transcripts for free in March 2016 during the Second Level interview with Defendant Lucas, prison officials never rendered a decision on the merits of Plaintiff's claim regarding the March 2016 denial of copying services in either the Second Level or Third Level of review. See Cal. Code Regs., tit. 15, § 3084.1(b) (stating that "[a]dministrative remedies shall not be considered exhausted relative to any new issue [or] information … later named by the appellant that was not included in the originally submitted CDCR Form 602 … and addressed through all required levels of administrative review up to and including the third level"). Therefore, Plaintiff's CDCR 602 appeal, log no. KVSP-O-16-01742 did not provide the prison with sufficient notice to correct any alleged wrongdoing on the parts of Defendant Karlow and Elissagire in March 2016. Consequently, Plaintiff's appeal, log no. KVSP-O-16-01742, did not

13

1  exhaust the claim against Defendants Karlow and Elissagire regarding the March 2016 denial of
2  copying services.
3      In summary, Plaintiff's CDCR 602 appeals, log nos. KVSP-O-16-00946 and KVSP-O-16-
4  01742 did not exhaust Plaintiff's claim regarding the March 2016 denial of photocopying
5  services. Further, Plaintiff has failed to allege any facts establishing that there was something in
6  his particular case that made the existing and generally available administrative remedies
7  effectively unavailable to him. See Albino v. Baca, 747 F.3d 1162, 1172 (9th Cir. 2014).
8  Therefore, it is clear from the face of Plaintiff's first amended complaint that Plaintiff failed to
9  exhaust his available administrative remedies regarding his March 2016 denial of photocopying
10 claim before filing suit as required by 42 U.S.C. § 1997e(a). Id. at 1169; Medina v. Sacramento
11 Cnty. Sheriff's Dep't, No. 2:16-cv-0765 AC P, 2016 WL 6038181, at *3 (E.D. Cal. Oct. 14,
12 2016) ("When it is clear from the face of the complaint and any attached exhibits that a plaintiff
13 did not exhaust his available administrative remedies before commencing an action, the action
14 may be dismissed on screening for failure to state a claim."). Accordingly, Plaintiff's denial of
15 access to the court claim based on the March 2016 denial of photocopying services against
16 Defendants Karlow and Elissagire is dismissed without prejudice. Wyatt v. Terhune, 315 F.3d
17 1108, 1120 (9th Cir. 2003) ("If the district court concludes that the prisoner has not exhausted
18 nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice."), overruled
19 on other grounds by Albino, 747 F.3d 1162.

   **b.    Inmate Appeal/Grievance Process**

21     In his first amended complaint, Plaintiff alleges that Defendant Lucas improperly denied
22 Plaintiff's CDCR 602 cancellation appeal at the Second Level of review because Defendant
23 Lucas failed to take into consideration, or reach the merits of, Plaintiff's argument that his prior
24 inmate appeal regarding copying services for court transcripts was incorrectly cancelled as
25 untimely because the copying services issue was ongoing. Further, Plaintiff alleges that
26 Defendant Lee improperly denied Plaintiff's CDCR 602 cancellation appeal at the Third Level of
27 review because Defendant Lee failed to take into consideration, or reach the merits of, Plaintiff's
28 argument that his prior inmate appeal regarding copying services for court transcripts was

incorrectly cancelled as untimely because the copying services issue was ongoing.

However, Plaintiff does not have a constitutionally protected right to have his appeals accepted or processed. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). The prison grievance procedure does not confer any substantive rights upon inmates and actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir. 1993); see also Givens v. Cal. Dep't of Corr. & Rehab., No. 2:19-cv-0017 KJN P, 2019 WL 1438068, at *4 (E.D. Cal. Apr. 1, 2019) ("California's regulations grant prisoners a purely procedural right: the right to have a prison appeal.") Therefore, prison officials are not required by federal law to process inmate appeals or grievances in a particular way. Consequently, the failure or refusal to process a grievance or the denial, rejection, or cancellation of a grievance does not violate any constitutionally protected right. See Rushdan v. Gear, No. 1:16-cv-01017-BAM (PC), 2018 WL 2229259, at *6 (E.D. Cal. May 16, 2018); Givens, 2019 WL 1438068, at *4; Wright v. Shannon, No. 1:05-cv-01485-LJO-YNP PC, 2010 WL 445203, at *5 (E.D. Cal. Feb. 2, 2010) (plaintiff's allegations that prison officials denied or ignored his inmate appeals failed to state a cognizable claim under the First Amendment). As a result, Plaintiff may not impose liability on a defendant simply because the defendant played a role in processing and/or reviewing Plaintiff's inmate appeals or grievances. See Buckley, 997 F.2d at 495 (because an administrative appeal process is only a procedural right, no substantive right is conferred, no constitutional protections arise, and the "failure to process any of Buckley's grievances … is not actionable under section 1983.").

Therefore, Plaintiff has failed to state a cognizable § 1983 claim against Defendants Lucas and Lee arising out of their processing and/or review of Plaintiff's CDCR 602 cancellation appeal.

    **c.    Leave to Amend**

The only remaining issue is whether to allow Plaintiff leave to amend. "Under Federal Rule of Civil Procedure 15(a), leave to amend shall be freely given when justice so requires. However, the district court may exercise its discretion to deny leave to amend due to undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by

amendments previously allowed, undue prejudice to the opposing party …, and futility of amendment." Carvalho v. Equifax Info. Servs., LLC, 629 F.3d 876, 892 (9th Cir. 2010) (citations and internal quotation marks and brackets omitted); see also Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) ("[I]n dismissing for failure to state a claim under Rule 12(b)(6), a district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." (citation and internal quotation marks omitted)).

In this case, although the Court would typically grant Plaintiff leave to amend due to his *pro se* status, amendment is futile in this instance because Plaintiff cannot plead any additional facts to cure the deficiencies in his first amended complaint noted by the Court. See Lopez, 203 F.3d at 1127; see also Schmier v. U.S. Court of Appeals for the Ninth Circuit, 279 F.3d 817, 824 (9th Cir. 2002) (recognizing futility of amendment as a proper basis for dismissal without leave to amend).

## III.

## ORDER AND RECOMMENDATION

For the reasons discussed herein, Plaintiff's motion for leave to file an amended complaint should be granted. However, Plaintiff's first amended complaint fails to state a cognizable claim for relief. Since the defects in his pleading are not capable of being cured through amendment, granting leave to amend would be futile. Akhtar v. Mesa, 698 F.3d 1202, 1213 (9th Cir. 2012).

Accordingly, it is HEREBY ORDERED that Plaintiff's motion for leave to file a first amended complaint, (ECF No. 33), is GRANTED.

Furthermore, it is HEREBY RECOMMENDED that this action be dismissed for failure to exhaust available administrative remedies prior to filing suit and failure to state a cognizable claim upon which relief may be granted.

These findings and recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these findings and recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings

and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**February 28, 2020**__

UNITED STATES MAGISTRATE JUDGE